**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS

Case number *(if known)* _____

Chapter you are filing under:

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

☐ Check if this an amended filing

## Official Form 101
# Voluntary Petition for Individuals Filing for Bankruptcy          12/15

The bankruptcy forms use you and Debtor 1 to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use you to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
| --- | --- |

|  |  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
| --- | --- | --- | --- |
| 1. | **Your full name** | | |
| | Write the name that is on your government-issued picture identification (for example, your driver's license or passport). | **Virginia**<br>First name | <br>First name |
| | | **R.**<br>Middle name | <br>Middle name |
| | Bring your picture identification to your meeting with the trustee. | **Phillips**<br>Last name and Suffix (Sr., Jr., II, III) | <br>Last name and Suffix (Sr., Jr., II, III) |
| 2. | **All other names you have used in the last 8 years**<br>Include your married or maiden names. | **Ginger Phillips** | |
| 3. | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | **xxx-xx-8487** | |

Debtor 1    **Virginia R. Phillips**                                                    Case number *(if known)* _____

| About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|

**4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and *doing business as* names

■ I have not used any business name or EINs.

Business name(s)
_____

EINs
_____

☐ I have not used any business name or EINs.

Business name(s)
_____

EINs
_____

**5. Where you live**

**201 Illini Drive**
**Minooka, IL 60447**
Number, Street, City, State & ZIP Code

**Grundy**
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

_____
Number, P.O. Box, Street, City, State & ZIP Code

**If Debtor 2 lives at a different address:**

_____
Number, Street, City, State & ZIP Code

_____
County

**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.

_____
Number, P.O. Box, Street, City, State & ZIP Code

**6. Why you are choosing *this district* to file for bankruptcy**

*Check one:*

■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

_____

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

_____

Debtor 1   **Virginia R. Phillips**                                                Case number *(if known)*

| Part 2: | Tell the Court About Your Bankruptcy Case |
|---|---|

**7.** **The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)).* Also, go to the top of page 1 and check the appropriate box.

- ☐ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☒ Chapter 13

**8.** **How you will pay the fee**

- ☒ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

- ☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

- ☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9.** **Have you filed for bankruptcy within the last 8 years?**

- ☒ No.
- ☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10.** **Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

- ☒ No
- ☐ Yes.

| Debtor | _____ | | Relationship to you | _____ |
|---|---|---|---|---|
| District | _____ | When _____ | Case number, if known | _____ |
| Debtor | _____ | | Relationship to you | _____ |
| District | _____ | When _____ | Case number, if known | _____ |

**11.** **Do you rent your residence?**

- ☒ No.   Go to line 12.
- ☐ Yes.   Has your landlord obtained an eviction judgment against you and do you want to stay in your residence?

  - ☐ No. Go to line 12.
  - ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with this bankruptcy petition.

Debtor 1    **Virginia R. Phillips**                                                                 Case number *(if known)*

---

| **Part 3:** | **Report About Any Businesses You Own as a Sole Proprietor** |
|---|---|

**12.** **Are you a sole proprietor of any full- or part-time business?**

☑ No.    Go to Part 4.

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☐ Yes.    Name and location of business

_____
Name of business, if any

_____

_____
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐    Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐    Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐    Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐    Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐    None of the above

---

**13.** **Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines.* If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. 1116(1)(B).

☑ No.    I am not filing under Chapter 11.

☐ No.    I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.    I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

---

| **Part 4:** | **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention** |
|---|---|

**14.** **Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No.

☐ Yes.    What is the hazard?    _____

If immediate attention is needed, why is it needed?    _____

Where is the property?    _____

_____
Number, Street, City, State & Zip Code

---

Debtor 1   **Virginia R. Phillips**                                    Case number *(if known)*

---

| **Part 5:** | **Explain Your Efforts to Receive a Briefing About Credit Counseling** |

| | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

---

Debtor 1   **Virginia R. Phillips**                                                Case number *(if known)*

---

| **Part 6:** | Answer These Questions for Reporting Purposes |
|---|---|

**16. What kind of debts do you have?**

16a.   **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.

■ Yes. Go to line 17.

16b.   **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.

☐ Yes. Go to line 17.

16c.   State the type of debts you owe that are not consumer debts or business debts

---

**17. Are you filing under Chapter 7?**

■ No.   I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ Yes.   I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No

☐ Yes

---

**18. How many Creditors do you estimate that you owe?**

■ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

---

**19. How much do you estimate your assets to be worth?**

☐ $0 - $50,000
☐ $50,001 - $100,000
■ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50  million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

**20. How much do you estimate your liabilities to be?**

☐ $0 - $50,000
☐ $50,001 - $100,000
■ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50  million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

| **Part 7:** | Sign Below |
|---|---|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**/s/ Virginia R. Phillips**

**Virginia R. Phillips**                                        Signature of Debtor 2
Signature of Debtor 1

Executed on   **September 26, 2017**                    Executed on
MM / DD / YYYY                                             MM / DD / YYYY

---

Debtor 1    **Virginia R. Phillips**    Case number *(if known)*

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

| | | |
|---|---|---|
| **/s/ John A. Reed** | Date | **September 26, 2017** |
| Signature of Attorney for Debtor | | MM / DD / YYYY |

**John A. Reed**
Printed name

**John A. Reed Ltd.**
Firm name

**63 W. Jefferson Street # 200**
**Joliet, IL 60432**
Number, Street, City, State & ZIP Code

Contact phone _____    Email address _____

**02299909**
Bar number & State

---

Official Form 101    **Voluntary Petition for Individuals Filing for Bankruptcy**    page 7

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Virginia R. Phillips** |
| | First Name            Middle Name            Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name            Middle Name            Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number | |
| (if known) | |

☐ Check if this is an
amended filing

# Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:     Summarize Your Assets

| | | **Your assets**<br>Value of what you own |
|---|---|---|
| 1. | **Schedule A/B: Property** (Official Form 106A/B) | |
| | 1a. Copy line 55, Total real estate, from Schedule A/B............................................ | $              175,000.00 |
| | 1b. Copy line 62, Total personal property, from Schedule A/B................................... | $                  4,956.00 |
| | 1c. Copy line 63, Total of all property on Schedule A/B........................................... | $              179,956.00 |

### Part 2:     Summarize Your Liabilities

| | | **Your liabilities**<br>Amount you owe |
|---|---|---|
| 2. | *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
| | 2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D...* | $              144,183.00 |
| 3. | *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
| | 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*................................. | $                        0.00 |
| | 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*........................... | $                46,955.00 |
| | **Your total liabilities** | $              191,138.00 |

### Part 3:     Summarize Your Income and Expenses

| | | |
|---|---|---|
| 4. | *Schedule I: Your Income* (Official Form 106I)<br>Copy your combined monthly income from line 12 of *Schedule I*................................................ | $                  4,932.21 |
| 5. | *Schedule J: Your Expenses* (Official Form 106J)<br>Copy your monthly expenses from line 22c of *Schedule J*......................................................... | $                  4,457.71 |

### Part 4:     Answer These Questions for Administrative and Statistical Records

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

    ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

    ☑ Yes

7. **What kind of debt do you have?**

    ☑ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

    ☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor 1    **Virginia R. Phillips**
_____    Case number _(if known)_ _____

8.  **From the _Statement of Your Current Monthly Income_:** Copy your total current monthly income from Official Form
    122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.                                                    $ _____ 5,361.39

9.  **Copy the following special categories of claims from Part 4, line 6 of _Schedule E/F_:**

| From Part 4 on _Schedule E/F_, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ 0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ 0.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ 0.00 |
| 9d. Student loans. (Copy line 6f.) | $ 0.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ 0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ 0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $ 0.00 |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

| Fill in this information to identify your case and this filing: | |
|---|---|

| Debtor 1 | **Virginia R. Phillips** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS | | |
| Case number | | | |

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property
**12/15**

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.

☑ Yes.  Where is the property?

| 1.1 | | |
|---|---|---|

**205 Illini Drive**
Street address, if available, or other description

**Minooka       IL      60447-0000**
City          State      ZIP Code

**Grundy**
County

**What is the property?** Check all that apply

☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other

**Who has an interest in the property?** Check one

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $175,000.00 | $175,000.00 |

**Describe the nature of your ownership interest** (such as fee simple, tenancy by the entireties, or a life estate), if known.

☐ Check if this is community property
(see instructions)

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.........................................................=>**

| $175,000.00 |
|---|

**Part 2:    Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☑ No
☐ Yes

Debtor 1    __Virginia R. Phillips__    Case number *(if known)* _____

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

   ☑ No
   ☐ Yes

5. Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for
   pages you have attached for Part 2. Write that number here...........................................................=> | **$0.00** |

| **Part 3:** | Describe Your Personal and  Household Items |
| --- | --- |

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
| --- | --- |

6. **Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware
   ☐ No
   ☑ Yes. Describe.....

   | Major appliances, table & chairs, bedroom furniture, lamps, misc furnishings | $1,000.00 |
   | --- | --- |

7. **Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
   ☐ No
   ☑ Yes. Describe.....

   | Cell phone, television, computer, tablet, printer | $400.00 |
   | --- | --- |

8. **Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
   ☑ No
   ☐ Yes. Describe.....

9. **Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   ☑ No
   ☐ Yes. Describe.....

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ☑ No
    ☐ Yes. Describe.....

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☐ No
    ☑ Yes. Describe.....

    | Everyday clothing | $500.00 |
    | --- | --- |

12. **Jewelry**
    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    ☐ No
    ☑ Yes. Describe.....

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor 1    **Virginia R. Phillips**                                          Case number *(if known)*

| 2 Diamond Rings | $1,750.00 |
|---|---|

13. **Non-farm animals**
    *Examples:* Dogs, cats, birds, horses
    ☐ No
    ■ Yes.  Describe.....

| 1 dog | $50.00 |
|---|---|

14. **Any other personal and household items you did not already list, including any health aids you did not list**
    ■ No
    ☐ Yes.  Give specific information.....

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached**
    **for Part 3. Write that number here ...........................................................................**

| | $3,700.00 |
|---|---|

| **Part 4:** | **Describe Your Financial Assets** |
|---|---|

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

16. **Cash**
    *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
    ☐ No
    ■ Yes..............................................................................................................

| Cash | $25.00 |
|---|---|

17. **Deposits of money**
    *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar
    institutions. If you have multiple accounts with the same institution, list each.
    ☐ No
    ■ Yes.......................                                Institution name:

| 17.1. | **Checking** | **First Midwest Bank # 2707** | $100.00 |
|---|---|---|---|
| 17.2. | **Checking** | **Bank account with The Private Bank # 3835** | $900.00 |
| 17.3. | **Savings** | **First Midwest Bank # 4485** | $100.00 |
| 17.4. | **Savings** | **The Private Bank # 1912** | $130.00 |

18. **Bonds, mutual funds, or publicly traded stocks**
    *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
    ■ No
    ☐ Yes.................                  Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and**
    **joint venture**
    ■ No
    ☐ Yes.  Give specific information about them...................
                        Name of entity:                                % of ownership:

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                            Best Case Bankruptcy

Debtor 1   **Virginia R. Phillips**                                    Case number *(if known)* _____

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
   *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
   *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
   ■ No
   ☐ Yes. Give specific information about them.
                              Issuer name:

21. **Retirement or pension accounts**
   *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
   ☐ No
   ■ Yes. List each account separately.
                  Type of account:              Institution name:

   **401(k)**                    **Retirement at place of employment**                    **Unknown**

   **Pension**                   **Pension at former place of employment**                **Unknown**

22. **Security deposits and prepayments**
   Your share of all unused deposits you have made so that you may continue service or use from a company
   *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
   ■ No
   ☐ Yes. ....................          Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
   ■ No
   ☐ Yes.............       Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
   26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
   ■ No
   ☐ Yes.............       Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
   ■ No
   ☐ Yes.  Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
   *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
   ■ No
   ☐ Yes.  Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
   *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
   ■ No
   ☐ Yes.  Give specific information about them...

| **Money or property owed to you?** | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |
|---|---|

28. **Tax refunds owed to you**
   ■ No
   ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......
                                                                          _____

29. **Family support**
   *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
   ■ No
   ☐ Yes. Give specific information......

Official Form 106A/B                      Schedule A/B: Property                                    page 4

Debtor 1      **Virginia R. Phillips**                                         Case number *(if known)* _____

30. **Other amounts someone owes you**
   *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
   benefits; unpaid loans you made to someone else

   ☑ No
   ☐ Yes.  Give specific information..

31. **Interests in insurance policies**
   *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

   ☐ No
   ☑ Yes. Name the insurance company of each policy and list its value.

   | Company name: | Beneficiary: | Surrender or refund value: |
   |---|---|---|
   | **Life Insurance through Mutual of Omaha - lien against policy by Blackburn Giegerich Sonntag Funeral Home** | **Debtor's children** | **Unknown** |

32. **Any interest in property that is due you from someone who has died**
   If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because
   someone has died.

   ☑ No
   ☐ Yes.  Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
   *Examples:* Accidents, employment disputes, insurance claims, or rights to sue

   ☑ No
   ☐ Yes.  Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

   ☑ No
   ☐ Yes.  Describe each claim.........

35. **Any financial assets you did not already list**

   ☐ No
   ☑ Yes.  Give specific information..

   | Lease re: 2016 Cadillac SRX | $1.00 |
   |---|---|

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here**.................................................................................................................      | **$1,256.00** |

**Part 5:**  Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

37. **Do you own or have any legal or equitable interest in any business-related property?**
   ☑ No. Go to Part 6.
   ☐ Yes.  Go to line 38.

**Part 6:**  Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
   If you own or have an interest in farmland, list it in Part 1.

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
   ☑ No. Go to Part 7.
   ☐ Yes.  Go to line 47.

**Part 7:**  Describe All Property You Own or Have an Interest in That You Did Not List Above

Debtor 1    **Virginia R. Phillips**                                                Case number *(if known)* _____

53. **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership

    ■ No
    ☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here** .....................................    | $0.00 |

| **Part 8:** | **List the Totals of Each Part of this Form** |

55. **Part 1: Total real estate, line 2** ...................................................................................................    $175,000.00

56. **Part 2: Total vehicles, line 5**                                              $0.00

57. **Part 3: Total personal and household items, line 15**                        $3,700.00

58. **Part 4: Total financial assets, line 36**                                    $1,256.00

59. **Part 5: Total business-related property, line 45**                           $0.00

60. **Part 6: Total farm- and fishing-related property, line 52**                  $0.00

61. **Part 7: Total other property not listed, line 54**                    +      $0.00

62. **Total personal property.** Add lines 56 through 61...        $4,956.00        Copy personal property total    $4,956.00

63. **Total of all property on Schedule A/B.** Add line 55 + line 62                | $179,956.00 |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Virginia R. Phillips** |
| | First Name ___ Middle Name ___ Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name ___ Middle Name ___ Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number | |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt                    4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

### Part 1:    Identify the Property You Claim as Exempt

1.  **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

    ■ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

    ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2.  **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | | Specific laws that allow exemption |
|---|---|---|---|---|
| **205 Illini Drive Minooka, IL 60447 Grundy County**<br>Line from *Schedule A/B*: **1.1** | $175,000.00 | ■ | $15,000.00 | **735 ILCS 5/12-901** |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Major appliances, table & chairs, bedroom furniture, lamps, misc furnishings**<br>Line from *Schedule A/B*: **6.1** | $1,000.00 | ■ | $1,000.00 | **735 ILCS 5/12-1001(b)** |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Cell phone, television, computer, tablet, printer**<br>Line from *Schedule A/B*: **7.1** | $400.00 | ■ | $400.00 | **735 ILCS 5/12-1001(b)** |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Everyday clothing**<br>Line from *Schedule A/B*: **11.1** | $500.00 | ■ | $500.00 | **735 ILCS 5/12-1001(a)** |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **2 Diamond Rings**<br>Line from *Schedule A/B*: **12.1** | $1,750.00 | ■ | $1,750.00 | **735 ILCS 5/12-1001(b)** |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor 1   **Virginia R. Phillips**

Case number (if known)

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | | Specific laws that allow exemption |
|---|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption.* | | |
| **Cash**<br>Line from *Schedule A/B*: **16.1** | $25.00 | ■ | $25.00 | **735 ILCS 5/12-1001(b)** |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Checking: Bank account with The Private Bank # 3835**<br>Line from *Schedule A/B*: **17.2** | $900.00 | ■ | $825.00 | **735 ILCS 5/12-1001(b)** |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **401(k): Retirement at place of employment**<br>Line from *Schedule A/B*: **21.1** | Unknown | ■ | 100% | **735 ILCS 5/12-1006** |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Pension: Pension at former place of employment**<br>Line from *Schedule A/B*: **21.2** | Unknown | ■ | 100% | **735 ILCS 5/12-1006** |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |

3.  **Are you claiming a homestead exemption of more than $160,375?**
    (Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.)

    ■  No

    ☐  Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

        ☐  No

        ☐  Yes

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Virginia R. Phillips** |
| | First Name · Middle Name · Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name · Middle Name · Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 106D
## Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

☒ Yes. Fill in all of the information below.

**Part 1: List All Secured Claims**

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A<br>**Amount of claim**<br>Do not deduct the value of the collateral. | Column B<br>**Value of collateral that supports this claim** | Column C<br>**Unsecured portion**<br>If any |
|---|---|---|---|---|
| **2.1** **AmeriCredit/GM Financial**<br>Creditor's Name | Describe the property that secures the claim: | $1,105.00 | $1.00 | $1,104.00 |

**2.1** **AmeriCredit/GM Financial**
Creditor's Name

Describe the property that secures the claim:

**Lease re: 2016 Cadillac SRX**

**Po Box 183853
Arlington, TX 76096**
Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☒ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☒ Other (including a right to offset)  **Vehicle Lease**

Date debt was incurred  **Opened 12/15**    Last 4 digits of account number  **1188**

**2.2** **Nationstar Mortgage LLC**
Creditor's Name

Describe the property that secures the claim: | $143,078.00 | $175,000.00 | $0.00

**205 Illini Drive Minooka, IL 60447
Grundy County**

**Attn: Bankruptcy
8950 Cypress Waters Blvd
Coppell, TX 75019**
Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☒ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☒ Other (including a right to offset)  **Mortgage**

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com       Best Case Bankruptcy

| Debtor 1 | **Virginia R. Phillips** | | | Case number (*if know*) | |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| Date debt was incurred | **Opened**<br>**01/15** | Last 4 digits of account number | **2228** |
|---|---|---|---|

| | |
|---|---|
| **Add the dollar value of your entries in Column A on this page. Write that number here:** | **$144,183.00** |
| **If this is the last page of your form, add the dollar value totals from all pages.**<br>**Write that number here:** | **$144,183.00** |

**Part 2:    List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

Official Form 106D    Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**    page 2 of 2

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Virginia R. Phillips** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims          12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim.  Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:    List All of Your PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims against you?**

   ■ No. Go to Part 2.

   ☐ Yes.

### Part 2:    List All of Your NONPRIORITY Unsecured Claims

3.  **Do any creditors have nonpriority unsecured claims against you?**

   ☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

   ■ Yes.

4.  **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

|  |  | Total claim |
|---|---|---|

| 4.1 | **Amex** | Last 4 digits of account number | **6193** | $4,055.00 |
|---|---|---|---|---|

Nonpriority Creditor's Name

**Correspondence
Po Box 981540
El Paso, TX 79998**

When was the debt incurred?    **Opened 09/15**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify    **Credit Card**

Debtor 1    **Virginia R. Phillips**

Case number *(if know)*

---

| 4.2 | **Barclays Bank Delaware** | Last 4 digits of account number    **6290** | **$4,922.00** |

Nonpriority Creditor's Name

**100 S West St**
**Wilmington, DE 19801**

When was the debt incurred?    **Opened 01/15**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

- ☑ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify    **Credit Card**

---

| 4.3 | **Capital One / Menard** | Last 4 digits of account number    **3999** | **$956.00** |

Nonpriority Creditor's Name

**Attn: Bankruptcy**
**Po Box 30285**
**Salt Lake City, UT 84130**

When was the debt incurred?    **Opened 01/15**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

- ☑ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify    **Charge Account**

---

| 4.4 | **Chase Card** | Last 4 digits of account number    **1453** | **$930.00** |

Nonpriority Creditor's Name

**Attn: Correspondence Dept**
**Po Box 15298**
**Wilmington, DE 19850**

When was the debt incurred?    **Opened 01/14**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

- ☑ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify    **Credit Card**

---

Debtor 1   **Virginia R. Phillips**

Case number (if know)

---

| 4.5 | **Citibank** | | Last 4 digits of account number | **9884** | | $6,623.00 |

Nonpriority Creditor's Name

**Attn: Centralized Bankruptcy**
**Po Box 790040**
**S Louis, MO 63129**

When was the debt incurred?     **Opened 11/14**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   **Credit Card**

---

| 4.6 | **Citibank/The Home Depot** | | Last 4 digits of account number | **3897** | | $920.00 |

Nonpriority Creditor's Name

**Attn: Centralized Bankruptcy**
**Po Box 790040**
**S Louis, MO 63129**

When was the debt incurred?     **Opened 01/15**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   **Charge Account**

---

| 4.7 | **Citicards Cbna** | | Last 4 digits of account number | **1812** | | $1,029.00 |

Nonpriority Creditor's Name

**Attn: Centralized Bankruptcy**
**Po Box 790040**
**Saint Louis, MO 63179**

When was the debt incurred?     **Opened 06/16**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   **Credit Card**

---

Debtor 1  **Virginia R. Phillips**

Case number (if know) _____

---

| 4.8 | **Comenity Capital Bank/HSN** | Last 4 digits of account number | **7428** | $84.00 |

Nonpriority Creditor's Name

**Po Box 182125**
**Columbus, OH 43218**

Number Street City State Zip Code

When was the debt incurred?   **Opened 01/12**

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Charge Account**

---

| 4.9 | **Discover Financial** | Last 4 digits of account number | **7570** | $7,649.00 |

Nonpriority Creditor's Name

**Po Box 3025**
**New Albany, OH 43054**

Number Street City State Zip Code

When was the debt incurred?   **Opened 02/13**

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Credit Card**

---

| 4.10 | **First Midwest Bank, N.A.** | Last 4 digits of account number | **0001** | $13,900.00 |

Nonpriority Creditor's Name

**300 N Hunt Club Rd**
**Gurnee, IL 60031**

Number Street City State Zip Code

When was the debt incurred?   **Opened 02/16**

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Personal Loan**

---

Debtor 1   **Virginia R. Phillips**

Case number *(if know)*

---

| 4.1 1 | **First National Bank** | Last 4 digits of account number | **0322** | **$2,138.00** |

Nonpriority Creditor's Name

**Attn:  FNN Legal Dept**
**1620 Dodge St Mailstop Code 3290**
**Omaha, NE 68191**

Number Street City State Zip Code

When was the debt incurred?   **Opened 02/17**

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
□ Debtor 2 only
□ Debtor 1 and Debtor 2 only
□ At least one of the debtors and another
□ **Check if this claim is for a  community debt**

□ Contingent
□ Unliquidated
□ Disputed

**Type of NONPRIORITY unsecured claim:**

□ Student loans

**Is the claim subject to offset?**

□ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No
□ Yes

□ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   **Credit Card**

---

| 4.1 2 | **Synchrony Bank/QVC** | Last 4 digits of account number | **2296** | **$10.00** |

Nonpriority Creditor's Name

**Attn: Bankruptcy**
**Po Box 965060**
**Orlando, FL 32896**

Number Street City State Zip Code

When was the debt incurred?   **Opened 05/15**

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
□ Debtor 2 only
□ Debtor 1 and Debtor 2 only
□ At least one of the debtors and another
□ **Check if this claim is for a  community debt**

□ Contingent
□ Unliquidated
□ Disputed

**Type of NONPRIORITY unsecured claim:**

□ Student loans

**Is the claim subject to offset?**

□ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No
□ Yes

□ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   **Charge Account**

---

| 4.1 3 | **Synchrony Bank/Walmart** | Last 4 digits of account number | **1538** | **$862.00** |

Nonpriority Creditor's Name

**Attn: Bankruptcy**
**Po Box 965060**
**Orlando, FL 32896**

Number Street City State Zip Code

When was the debt incurred?   **Opened 07/13**

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
□ Debtor 2 only
□ Debtor 1 and Debtor 2 only
□ At least one of the debtors and another
□ **Check if this claim is for a  community debt**

□ Contingent
□ Unliquidated
□ Disputed

**Type of NONPRIORITY unsecured claim:**

□ Student loans

**Is the claim subject to offset?**

□ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No
□ Yes

□ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   **Credit Card**

---

Debtor 1    **Virginia R. Phillips**

Case number *(if know)*

| 4.1 4 | | | | |
|---|---|---|---|---|

**US Bank/Rms CC**

Nonpriority Creditor's Name

**Card Member Services
Po Box 108
St Louis, MO 63166**

Number Street City State Zip Code

Last 4 digits of account number    **0080**                    **$2,877.00**

When was the debt incurred?    **Opened 04/16**

**Who incurred the debt?** Check one.

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify    **Credit Card**

---

**Part 3:    List Others to Be Notified About a Debt That You Already Listed**

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

**Part 4:    Add the Amounts for Each Type of Unsecured Claim**

6.  Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

| | | | | Total Claim |
|---|---|---|---|---|
| Total claims from Part 1 | 6a. | Domestic support obligations | 6a. | $ 0.00 |
| | 6b. | Taxes and certain other debts you owe the government | 6b. | $ 0.00 |
| | 6c. | Claims for death or personal injury while you were intoxicated | 6c. | $ 0.00 |
| | 6d. | Other. Add all other priority unsecured claims. Write that amount here. | 6d. | $ 0.00 |
| | 6e. | Total Priority. Add lines 6a through 6d. | 6e. | $ 0.00 |
| | | | | Total Claim |
| Total claims from Part 2 | 6f. | Student loans | 6f. | $ 0.00 |
| | 6g. | Obligations arising out of a separation agreement or divorce that you did not report as priority claims | 6g. | $ 0.00 |
| | 6h. | Debts to pension or profit-sharing plans, and other similar debts | 6h. | $ 0.00 |
| | 6i. | Other. Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ 46,955.00 |
| | 6j. | Total Nonpriority. Add lines 6f through 6i. | 6j. | $ 46,955.00 |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Virginia R. Phillips** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number | |
| (if known) | |

☐ Check if this is an
amended filing

## Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases                          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1.  **Do you have any executory contracts or unexpired leases?**
    ☐ No. Check this box and file this form with the court with your other schedules.  You have nothing else to report on this form.
    ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2.  **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease<br>Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|
| 2.1    **Americredit/GM Financial**<br>**P.O. Box 183853**<br>**Arlington, TX 76096** | **Lease re: 2016 Cadillac SRX**<br>**Monthly payments of $ 368.60**<br>**Lease ends December 17, 2017**<br>**Debtor will turn in vehicle at end of lease period** |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Virginia R. Phillips** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number | |
| (if known) | |

☐ Check if this is an
amended filing

## Official Form 106H
## Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

1. **Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

■ No
☐ Yes

2. **Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

■ No. Go to line 3.
☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

3. **In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.**

| *Column 1:* **Your codebtor**<br>Name, Number, Street, City, State and ZIP Code | *Column 2:* **The creditor to whom you owe the debt**<br>Check all schedules that apply: |
|---|---|
| **3.1** _____<br>Name<br><br>_____<br>Number     Street<br>_____<br>City           State           ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |
| **3.2** _____<br>Name<br><br>_____<br>Number     Street<br>_____<br>City           State           ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Virginia R. Phillips** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number (If known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

Official Form 106I

# Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| **Employment status** | | ■ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| **Occupation** | | | |
| **Employer's name** | | **Cenergy** | |
| **Employer's address** | | **12650 Crossroads Dr<br>Houston, TX 77065** | |
| **How long employed there?** | | **1 Year** | |

## Part 2:    Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions).  If not paid monthly, calculate what the monthly wage would be. | 2. | $        **4,929.90** | $        **N/A** |
| 3. | **Estimate and list monthly overtime pay.** | 3. | +$        **0.00** | +$        **N/A** |
| 4. | **Calculate gross Income.**  Add line 2 + line 3. | 4. | $        **4,929.90** | $        **N/A** |

Debtor 1 **Virginia R. Phillips**                                    Case number (*if known*)

|  |  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| **Copy line 4 here** | 4. | $ | 4,929.90 | $ N/A |

5. **List all payroll deductions:**

|  |  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $ | 1,504.84 | $ N/A |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $ | 0.00 | $ N/A |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $ | 492.98 | $ N/A |
| 5d. **Required repayments of retirement fund loans** | 5d. | $ | 0.00 | $ N/A |
| 5e. **Insurance** | 5e. | $ | 39.41 | $ N/A |
| 5f. **Domestic support obligations** | 5f. | $ | 0.00 | $ N/A |
| 5g. **Union dues** | 5g. | $ | 0.00 | $ N/A |
| 5h. **Other deductions.** Specify: _____ | 5h.+ | $ | 0.00 | + $ N/A |

6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.    6.   $   **2,037.23**    $   **N/A**

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.    7.   $   **2,892.67**    $   **N/A**

8. **List all other income regularly received:**
   - 8a. **Net income from rental property and from operating a business, profession, or farm**
     Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.    8a.   $   **0.00**    $   **N/A**
   - 8b. **Interest and dividends**    8b.   $   **0.00**    $   **N/A**
   - 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**
     Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.    8c.   $   **0.00**    $   **N/A**
   - 8d. **Unemployment compensation**    8d.   $   **0.00**    $   **N/A**
   - 8e. **Social Security**    8e.   $   **1,666.80**    $   **N/A**
   - 8f. **Other government assistance that you regularly receive**
     Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
     Specify: _____    8f.   $   **0.00**    $   **N/A**
   - 8g. **Pension or retirement income**    8g.   $   **372.74**    $   **N/A**
   - 8h. **Other monthly income.** Specify: _____    8h.+   $   **0.00**    + $   **N/A**

9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.    9.   $   **2,039.54**    $   **N/A**

10. **Calculate monthly income.** Add line 7 + line 9.    10.   $ **4,932.21** + $ **N/A** = $ **4,932.21**
    Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in** *Schedule J.*
    Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
    Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
    Specify: _____    11.   + $   **0.00**

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
    Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies    12.   $   **4,932.21**

    **Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
    - ■ No.
    - ☐ Yes. Explain: _____

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Virginia R. Phillips** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number (If known) | |

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

Official Form 106J

## Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Your Household

1. **Is this a joint case?**

   ■ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**

      ☐ No
      ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**   ■ No

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents names.

   ☐ Yes. Fill out this information for each dependent..............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**   ■ No   ☐ Yes

### Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | | Your expenses |
|---|---|---|

| | | | |
|---|---|---|---|
| 4. | **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. $ | 1,223.63 |
| | **If not included in line 4:** | | |
| 4a. | Real estate taxes | 4a. $ | 0.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ | 0.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ | 100.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $ | 0.00 |
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. $ | 0.00 |

Debtor 1   **Virginia R. Phillips**                                    Case number (if known)

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a. | Electricity, heat, natural gas | 6a. $ | 200.00 |
| | 6b. | Water, sewer, garbage collection | 6b. $ | 60.00 |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 250.00 |
| | 6d. | Other. Specify: | 6d. $ | 0.00 |
| 7. | **Food and housekeeping supplies** | | 7. $ | 300.00 |
| 8. | **Childcare and children's education costs** | | 8. $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. $ | 40.00 |
| 10. | **Personal care products and services** | | 10. $ | 50.00 |
| 11. | **Medical and dental expenses** | | 11. $ | 100.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. $ | 250.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. $ | 100.00 |
| 14. | **Charitable contributions and religious donations** | | 14. $ | 20.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. $ | 116.73 |
| | 15b. | Health insurance | 15b. $ | 0.00 |
| | 15c. | Vehicle insurance | 15c. $ | 83.75 |
| | 15d. | Other insurance. Specify: | 15d. $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | | 16. $ | 0.00 |
| 17. | **Installment or lease payments:** | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. $ | 368.60 |
| | 17b. | Car payments for Vehicle 2 | 17b. $ | 0.00 |
| | 17c. | Other. Specify: | 17c. $ | 0.00 |
| | 17d. | Other. Specify: | 17d. $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form 106I).** | | 18. $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | | 19. $ | 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income.** | | | |
| | 20a. | Mortgages on other property | 20a. $ | 0.00 |
| | 20b. | Real estate taxes | 20b. $ | 0.00 |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| | 20e. | Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. | **Other:** Specify: **Social Security Offset** | | 21. +$ | 1,145.00 |
| | **Pets** | | +$ | 50.00 |

| | | | |
|---|---|---|---|
| 22. | **Calculate your monthly expenses** | | |
| | 22a. Add lines 4 through 21. | $ | 4,457.71 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | $ | 4,457.71 |
| 23. | **Calculate your monthly net income.** | | |
| | 23a. Copy line 12 (your combined monthly income) from Schedule I. | 23a. $ | 4,932.21 |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. -$ | 4,457.71 |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your monthly net income. | 23c. $ | 474.50 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.
☐ Yes.     Explain here:

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Virginia R. Phillips** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number | |
| (if known) | |

☐ Check if this is an amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

**You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Sign Below

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes. Name of person _____    Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

| X **/s/ Virginia R. Phillips** | X |
|---|---|
| **Virginia R. Phillips** | Signature of Debtor 2 |
| Signature of Debtor 1 | |
| Date **September 26, 2017** | Date |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Virginia R. Phillips** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number (if known) | |

☐ Check if this is an amended filing

# Official Form 107

## Statement of Financial Affairs for Individuals Filing for Bankruptcy          4/16

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

**Part 1:     Give Details About Your Marital Status and Where You Lived Before**

**1.     What is your current marital status?**

☐ Married
■ Not married

**2.     During the last 3 years, have you lived anywhere other than where you live now?**

■ No
☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|
| | | | |

**3.     Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

■ No
☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

**Part 2     Explain the Sources of Your Income**

**4.     Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

☐ No
■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | ■ Wages, commissions, bonuses, tips | $38,967.77 | ☐ Wages, commissions, bonuses, tips | |
| | ☐ Operating a business | | ☐ Operating a business | |

Debtor 1    __Virginia R. Phillips__    Case number *(if known)* _____

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) |
| **For last calendar year:**<br>**(January 1 to December 31, 2016 )** | ■ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | $55,769.00 | ☐ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | |
| **For the calendar year before that:**<br>**(January 1 to December 31, 2015 )** | ■ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | $46,023.00 | ☐ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | |

**5.    Did you receive any other income during this year or the two previous calendar years?**

Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

☐    No

■    Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Describe below. | **Gross income from each source**<br>(before deductions and exclusions) | **Sources of income**<br>Describe below. | **Gross income**<br>(before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | Social Security | $20,268.00 | | |
| | Pension | $3,354.66 | | |
| **For last calendar year:**<br>**(January 1 to December 31, 2016 )** | Social Security | $26,895.00 | | |
| | Pension | $10,723.00 | | |
| **For the calendar year before that:**<br>**(January 1 to December 31, 2015 )** | Social Security | $26,365.00 | | |
| | Pension | $4,473.00 | | |

| Part 3: | List Certain Payments You Made Before You Filed for Bankruptcy |
|---|---|

**6.    Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

☐    No.    **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,425* or more?

☐    No.    Go to line 7.

☐    Yes    List below each creditor to whom you paid a total of $6,425* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

*    Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.

Debtor 1    **Virginia R. Phillips**                                              Case number *(if known)*

■ **Yes. Debtor 1 or Debtor 2 or both have primarily consumer debts.**

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

   □ **No.** Go to line 7.

   ■ **Yes** List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|
| **Nationstar Mortgage LLC**<br>**8950 Cypress Waters Blvd**<br>**Coppell, TX 75019** | **07/17; 08/17; 09/17** | **$3,670.89** | **$143,078.00** | ■ Mortgage<br>□ Car<br>□ Credit Card<br>□ Loan Repayment<br>□ Suppliers or vendors<br>□ Other___ |
| **Americredit/GM Financial**<br>**P.O. Box 183853**<br>**Arlington, TX 76096** | **07/17; 08/17; 09/17** | **$1,105.80** | **$1,105.00** | □ Mortgage<br>■ Car<br>□ Credit Card<br>□ Loan Repayment<br>□ Suppliers or vendors<br>□ Other___ |
| **First Midwest Bank, N.A.**<br>**300 N Hunt Club Road**<br>**Gurnee, IL 60031** | **07/17; 08/17** | **$754.44** | **$13,900.00** | □ Mortgage<br>□ Car<br>□ Credit Card<br>□ Loan Repayment<br>□ Suppliers or vendors<br>■ Other_**Personal Loan**_ |

7. **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

   ■ No
   □ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

8. **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
Include payments on debts guaranteed or cosigned by an insider.

   ■ No
   □ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment<br>Include creditor's name |
|---|---|---|---|---|

Debtor 1    **Virginia R. Phillips**                                                            Case number *(if known)*

---

**Part 4:    Identify Legal Actions, Repossessions, and Foreclosures**

9.  **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
    List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody
    modifications, and contract disputes.

    ■  No
    ☐  Yes. Fill in the details.

| Case title<br>Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| | | | |

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
    Check all that apply and fill in the details below.

    ■  No. Go to line 11.
    ☐  Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property<br><br>Explain what happened | Date | Value of the property |
|---|---|---|---|
| | | | |

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

    ■  No
    ☐  Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|
| | | | |

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

    ■  No
    ☐  Yes

---

**Part 5:    List Certain Gifts and Contributions**

13. **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

    ■  No
    ☐  Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person<br><br>Person to Whom You Gave the Gift and Address: | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| | | | |

14. **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

    ■  No
    ☐  Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600<br>Charity's Name<br>Address (Number, Street, City, State and ZIP Code) | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|
| | | | |

---

**Part 6:    List Certain Losses**

15. **Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

    ■  No
    ☐  Yes.  Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br><br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property.* | Date of your loss | Value of property lost |
|---|---|---|---|
| | | | |

---

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                              Best Case Bankruptcy

Debtor 1   **Virginia R. Phillips**                                    Case number *(if known)*

**Part 7:**   **List Certain Payments or Transfers**

16. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No
☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| John A Reed<br>63 W Jefferson Street # 200<br>Joliet, IL 60432<br>Dannie & Darla Adams | $ 650.00 + costs paid | August 2017 | $1,000.00 |

17. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

■ No
☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

■ No
☐ Yes. Fill in the details.

| Person Who Received Transfer<br>Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices*.)

■ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

**Part 8:**   **List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units**

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

Debtor 1    **Virginia R. Phillips**                                                    Case number (*if known*)

21. Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?

☐ No
■ Yes. Fill in the details.

| Name of Financial Institution<br>**Address** (Number, Street, City, State and ZIP Code) | Who else had access to it?<br>**Address** (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|
| **The Private Bank<br>502 W Mondamin<br>Minooka, IL 60447** | **Debtor** | **Birth certificates of Debtor and her children** | ☐ No<br>■ Yes |

22. Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?

■ No
☐ Yes. Fill in the details.

| Name of Storage Facility<br>**Address** (Number, Street, City, State and ZIP Code) | Who else has or had access to it?<br>**Address** (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

**Part 9:**    Identify Property You Hold or Control for Someone Else

23. Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.

■ No
☐ Yes.  Fill in the details.

| Owner's Name<br>**Address** (Number, Street, City, State and ZIP Code) | Where is the property?<br>(Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|

**Part 10:**    Give Details About Environmental Information

For the purpose of Part 10, the following definitions apply:

■ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24. Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?

■ No
☐ Yes. Fill in the details.

| Name of site<br>**Address** (Number, Street, City, State and ZIP Code) | Governmental unit<br>**Address** (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

25. Have you notified any governmental unit of any release of hazardous material?

■ No
☐ Yes. Fill in the details.

| Name of site<br>**Address** (Number, Street, City, State and ZIP Code) | Governmental unit<br>**Address** (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

Debtor 1    Virginia R. Phillips                                                    Case number *(if known)*

**26. Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

- ☑ No
- ☐ Yes. Fill in the details.

| Case Title<br>Case Number | Court or agency<br>**Name**<br>**Address** (Number, Street, City,<br>State and ZIP Code) | Nature of the case | Status of the<br>case |
|---|---|---|---|

| **Part 11:** | Give Details About Your Business or Connections to Any Business |

**27. Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

- ☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time
- ☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)
- ☐ A partner in a partnership
- ☐ An officer, director, or managing executive of a corporation
- ☐ An owner of at least 5% of the voting or equity securities of a corporation
- ☑ No. None of the above applies.  Go to Part 12.
- ☐ Yes. Check all that apply above and fill in the details below for each business.

| Business Name<br>**Address**<br>(Number, Street, City, State and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|

**28. Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

- ☑ No
- ☐ Yes. Fill in the details below.

| Name<br>**Address**<br>(Number, Street, City, State and ZIP Code) | Date Issued |
|---|---|

| **Part 12:** | Sign Below |

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

**/s/ Virginia R. Phillips**
**Virginia R. Phillips**                                        _____
**Signature of Debtor 1**                                       **Signature of Debtor 2**

Date    **September 26, 2017**                                  Date    _____

**Did you attach additional pages to** *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* **(Official Form 107)?**

☑ No
☐ Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**

☑ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

# Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

**This notice is for you if:**

> **You are an individual filing for bankruptcy,** and

> **Your debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

> Chapter 7 - Liquidation

> Chapter 11 - Reorganization

> Chapter 12 - Voluntary repayment plan for family farmers or fishermen

> Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | Liquidation |
|---|---|
| $245 | filing fee |
| $75 | administrative fee |
| + $15 | trustee surcharge |
| $335 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their nonexempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

> most taxes;

> most student loans;

> domestic support and property settlement obligations;

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

## Chapter 11: Reorganization

|   | $1,167 | filing fee |
|---|---|---|
| + | $550 | administrative fee |
|   | $1,717 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

**Read These Important Warnings**

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Chapter 12: Repayment plan for family farmers or fishermen

|   | $200 | filing fee |
|---|------|------------|
| + | $75 | administrative fee |
|   | $275 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

## Chapter 13: Repayment plan for individuals with regular income

|   | $235 | filing fee |
|---|------|------------|
| + | $75 | administrative fee |
|   | $310 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

domestic support obligations,

most student loans,

certain taxes,

debts for fraud or theft,

debts for fraud or defalcation while acting in a fiduciary capacity,

most criminal fines and restitution obligations,

certain debts that are not listed in your bankruptcy papers,

certain debts for acts that caused death or personal injury, and

certain long-term secured debts.

### Warning: File Your Forms on Time

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

## Bankruptcy crimes have serious consequences

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

## Make sure the court has your mailing address

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

## Understand which services you could receive from credit counseling agencies

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days *before* you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://justice.gov/ust/eo/hapcpa/ccde/cc_approved.html.

In Alabama and North Carolina, go to: http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/ApprovedCredit AndDebtCounselors.aspx.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

---

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

## RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN
## CHAPTER 13 DEBTORS AND THEIR ATTORNEYS

**(Court-Approved Retention Agreement, Use for cases filed on or after September 19, 2016)**

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure, but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation. It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is often crucial. Debtors are entitled to certain services from their attorneys, but debtors also have responsibilities to their attorneys. In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved this agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys, including how their attorneys will be paid for their services in the Chapter 13 case. By signing this agreement, debtors and their attorneys accept these responsibilities.

The Bankruptcy Code may require a debtor's attorney to provide the debtor with certain documents and agreements at the start of the representation. The terms of this court-approved agreement take the place of any conflicting provision in an earlier agreement. This agreement cannot be modified in any way by other agreements. Any provision of another agreement between the debtor and the attorney that conflicts with this agreement is void.

### A.      *BEFORE THE CASE IS FILED*

THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy Rule, and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

**B.**           ***AFTER THE CASE IS FILED***

THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly or, if required payments cannot be made, to notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor must also bring to the meeting a social security card.) The debtor must be present in time for check-in and, when the case is called, for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, marriage, divorce or separation, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce).

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property and before entering into any loan agreement.

9. Supply the attorney with copies of all tax returns filed while the case is pending.

2

## THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor, in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary statements, amended statements, and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Prepare, file, and serve a notice of conversion to Chapter 7, pursuant to § 1307(a) of the Bankruptcy Code and Local Bankruptcy Rule 1017-1.

17. Provide any other legal services necessary for the administration of the case.

3

**C.** **TERMINATION OR CONVERSION OF THE CASE AFTER ENTRY OF AN ORDER APPROVING FEES AND EXPENSES**

1. Approved fees and expenses paid under the provisions set out below are generally not refundable in the event that the case is dismissed prior to its completion, unless the dismissal is due to a failure by the attorney to comply with the duties set out in this agreement. If such a dismissal is due to a failure by the attorney, the court may order a refund of fees on motion by the debtor.

2. If the case is dismissed after approval of the fees and expenses but before payment of all allowed fees and expenses, the order entered by the Bankruptcy Court allowing the fees and expenses is not a judgment against the debtor for the unpaid fees and expenses based on contract law or otherwise.

3. If the case is converted to a case under Chapter 7 after approval of the fees and expenses under this agreement but before the payment of all fees and expenses, the attorney will be entitled to an administrative claim in the Chapter 7 case for any unpaid fees and expenses, pursuant to § 726(b) of the Bankruptcy Code, plus any conversion fee the attorney pays on behalf of the debtor.

**D. RETAINERS AND PREVIOUS PAYMENTS**

1. The attorney may receive a retainer or other payment before filing the case but may not receive fees directly from the debtor after the filing of the case. Unless the following provision is checked and completed, any retainer received by the attorney will be treated as a security retainer, to be placed in the attorney's client trust account until approval of a fee application by the court.

☐The attorney seeks to have the retainer received by the attorney treated as an advance payment retainer, which allows the attorney to take the retainer into income immediately. The attorney hereby provides the following further information and representations:

(a)   The special purpose for the advance payment retainer and why it is advantageous to the debtor is as follows: _____

(b)   The retainer will not be held in a client trust account and will become property of the attorney upon payment and will be deposited into the attorney's general account;

(c)   The retainer is a flat fee for the services to be rendered during the Chapter 13 case and will be applied for such services without the need for the attorney to keep detailed hourly time records for the specific services performed for the debtor;

4

(d)     Any portion of the retainer that is not earned or required for expenses will be refunded to the client; and

(e)     The attorney is unwilling to represent the debtor without receiving an advanced payment retainer because of the nature of the Chapter 13 case, the fact that the great majority of services for such case are performed prior to its filing, and the risks associated with the representation of debtors in bankruptcy cases in general.

2. In any application for compensation, the attorney must disclose to the court any fees or other compensation paid by the debtor to the attorney for any reason within the one year before the case filing, including the date(s) any such fees were paid.

## E. CONDUCT AND DISCHARGE

1. *Improper conduct by the attorney*. If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

2. *Improper conduct by the debtor*. If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise engaging in improper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

3. *Discharge of the attorney*. The debtor may discharge the attorney at any time.

[Remaining page intentionally left blank.]

5

### F. ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES AND EXPENSES

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a flat fee of $**4,000.00**.

2. In addition, the debtor will pay the filing fee required in the case and other expenses of $**310.00**.

3. Before signing this agreement, the attorney has received , $**650.00**

toward the flat fee, leaving a balance due of $**3,350.00**; and $**0.00** for expenses,

leaving a balance due for the filing fee of $**0.00**.

4. In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

Date:   **September 26, 2017**

Signed:

**/s/ Virginia R. Phillips**
_____
**Virginia R. Phillips**

**/s/ John A. Reed**
_____
**John A. Reed**
Attorney for the Debtor(s)

_____

Debtor(s)

Do not sign this agreement if the amounts are blank.

**Local Bankruptcy Form 23c**

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Virginia R. Phillips** _____   Case No. _____
Debtor(s)   Chapter   **13**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **4,000.00** |
| Prior to the filing of this statement I have received | $ | **650.00** |
| Balance Due | $ | **3,350.00** |

2.  $ **310.00** of the filing fee has been paid.

3.  The source of the compensation paid to me was:

   ■ Debtor   ☐ Other (specify):

4.  The source of compensation to be paid to me is:

   ■ Debtor   ☐ Other (specify):

5.  ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
   **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

7.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any adversary proceedings.**

---

### CERTIFICATION

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **September 26, 2017** | **/s/ John A. Reed** |
| _Date_ | **John A. Reed** |
| | _Signature of Attorney_ |
| | **John A. Reed Ltd.** |
| | **63 W. Jefferson Street # 200** |
| | **Joliet, IL 60432** |
| | _Name of law firm_ |

---

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

## RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN
## CHAPTER 13 DEBTORS AND THEIR ATTORNEYS

**(Court-Approved Retention Agreement, Use for cases filed on or after September 19, 2016)**
Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure, but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation. It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is often crucial. Debtors are entitled to certain services from their attorneys, but debtors also have responsibilities to their attorneys. In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved this agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys, including how their attorneys will be paid for their services in the Chapter 13 case. By signing this agreement, debtors and their attorneys accept these responsibilities.

The Bankruptcy Code may require a debtor's attorney to provide the debtor with certain documents and agreements at the start of the representation. The terms of this court-approved agreement take the place of any conflicting provision in an earlier agreement. This agreement cannot be modified in any way by other agreements. Any provision of another agreement between the debtor and the attorney that conflicts with this agreement is void.

**A.**      **_BEFORE THE CASE IS FILED_**

THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy Rule, and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

**B.**                    *AFTER THE CASE IS FILED*

THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly or, if required payments cannot be made, to notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor must also bring to the meeting a social security card.) The debtor must be present in time for check-in and, when the case is called, for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, marriage, divorce or separation, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce).

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property and before entering into any loan agreement.

9. Supply the attorney with copies of all tax returns filed while the case is pending.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

## THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor, in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary statements, amended statements, and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Prepare, file, and serve a notice of conversion to Chapter 7, pursuant to § 1307(a) of the Bankruptcy Code and Local Bankruptcy Rule 1017-1.

17. Provide any other legal services necessary for the administration of the case.

3

## C.    TERMINATION OR CONVERSION OF THE CASE AFTER ENTRY OF AN ORDER APPROVING FEES AND EXPENSES

1. Approved fees and expenses paid under the provisions set out below are generally not refundable in the event that the case is dismissed prior to its completion, unless the dismissal is due to a failure by the attorney to comply with the duties set out in this agreement. If such a dismissal is due to a failure by the attorney, the court may order a refund of fees on motion by the debtor.

2. If the case is dismissed after approval of the fees and expenses but before payment of all allowed fees and expenses, the order entered by the Bankruptcy Court allowing the fees and expenses is not a judgment against the debtor for the unpaid fees and expenses based on contract law or otherwise.

3. If the case is converted to a case under Chapter 7 after approval of the fees and expenses under this agreement but before the payment of all fees and expenses, the attorney will be entitled to an administrative claim in the Chapter 7 case for any unpaid fees and expenses, pursuant to § 726(b) of the Bankruptcy Code, plus any conversion fee the attorney pays on behalf of the debtor.

## D. RETAINERS AND PREVIOUS PAYMENTS

1. The attorney may receive a retainer or other payment before filing the case but may not receive fees directly from the debtor after the filing of the case. Unless the following provision is checked and completed, any retainer received by the attorney will be treated as a security retainer, to be placed in the attorney's client trust account until approval of a fee application by the court.

☐The attorney seeks to have the retainer received by the attorney treated as an advance payment retainer, which allows the attorney to take the retainer into income immediately. The attorney hereby provides the following further information and representations:

(a)    The special purpose for the advance payment retainer and why it is advantageous to the debtor is as follows:

        _____

(b)    The retainer will not be held in a client trust account and will become property of the attorney upon payment and will be deposited into the attorney's general account;

(c)    The retainer is a flat fee for the services to be rendered during the Chapter 13 case and will be applied for such services without the need for the attorney to keep detailed hourly time records for the specific services performed for the debtor;

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

(d)    Any portion of the retainer that is not earned or required for expenses will be refunded to the client; and

(e)    The attorney is unwilling to represent the debtor without receiving an advanced payment retainer because of the nature of the Chapter 13 case, the fact that the great majority of services for such case are performed prior to its filing, and the risks associated with the representation of debtors in bankruptcy cases in general.

2. In any application for compensation, the attorney must disclose to the court any fees or other compensation paid by the debtor to the attorney for any reason within the one year before the case filing, including the date(s) any such fees were paid.

## E. CONDUCT AND DISCHARGE

1. *Improper conduct by the attorney.* If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

2. *Improper conduct by the debtor.* If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise engaging in improper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

3. *Discharge of the attorney.* The debtor may discharge the attorney at any time.

[Remaining page intentionally left blank.]

5

### F. ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES AND EXPENSES

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a flat fee of $**4,000.00**.

2. In addition, the debtor will pay the filing fee required in the case and other expenses of $**310.00**.

3. Before signing this agreement, the attorney has received , $**650.00**

toward the flat fee, leaving a balance due of $**3,350.00**; and $**0.00** for expenses,

leaving a balance due for the filing fee of $**0.00**.

4. In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

Date: _____**September 26, 2017**_____

Signed:

X _____
**Virginia R. Phillips**

_____
**John A. Reed**
Attorney for the Debtor(s)

_____
Debtor(s)

Do not sign this agreement if the amounts are blank.

**Local Bankruptcy Form 23c**

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Virginia R. Phillips** _____   Case No. _____
                                    Debtor(s)              Chapter   **13** _____

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: _____ **16**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:   **September 26, 2017** _____       **/s/ Virginia R. Phillips** _____
                                                     **Virginia R. Phillips**
                                                     Signature of Debtor

AmeriCredit/GM Financial
Po Box 183853
Arlington, TX 76096


Amex
Correspondence
Po Box 981540
El Paso, TX 79998


Barclays Bank Delaware
100 S West St
Wilmington, DE 19801


Capital One / Menard
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130


Chase Card
Attn: Correspondence Dept
Po Box 15298
Wilmington, DE 19850


Citibank
Attn: Centralized Bankruptcy
Po Box 790040
S Louis, MO 63129


Citibank/The Home Depot
Attn: Centralized Bankruptcy
Po Box 790040
S Louis, MO 63129


Citicards Cbna
Attn: Centralized Bankruptcy
Po Box 790040
Saint Louis, MO 63179


Comenity Capital Bank/HSN
Po Box 182125
Columbus, OH 43218


Discover Financial
Po Box 3025
New Albany, OH 43054

First Midwest Bank, N.A.
300 N Hunt Club Rd
Gurnee, IL 60031


First National Bank
Attn:  FNN Legal Dept
1620 Dodge St Mailstop Code 3290
Omaha, NE 68191


Nationstar Mortgage LLC
Attn: Bankruptcy
8950 Cypress Waters Blvd
Coppell, TX 75019


Synchrony Bank/QVC
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896


Synchrony Bank/Walmart
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896


US Bank/Rms CC
Card Member Services
Po Box 108
St Louis, MO 63166